**BRICCETTI, CALHOUN & LAWRENCE, LLP**
81 MAIN STREET, SUITE 450
WHITE PLAINS, NEW YORK 10601
914-946-5900

May 2, 2008

**VIA ECF AND BY HAND**
Hon. Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, NY   10007

      Re:    **United States v. Angulo-Aguirre, et al. (Jorge Cedeno)**
             **S4 07 Cr. 387 (CM)**

Dear Judge McMahon:

     This letter is submitted on behalf of my client Jorge Cedeno in opposition to the government's letter motion dated April 15, 2008, seeking permission to introduce "other acts" evidence at the trial of this matter.  Mr. Cedeno opposes that motion and, for the reasons stated below, it should be denied.

**The Government's Motion As To Cedeno**

     As to Mr. Cedeno, the government's motion with respect to "other acts" is comprised of two parts: uncharged allegations and prior convictions.

     The uncharged allegations with respect to Cedeno are found on page 4 of the government's motion, items (k), (m), (n) and (o).  In these items, Cedeno, a co-defendant Rafael Rodriguez, and "one or more participants in the charged conspiracy" are alleged to have committed:

           (k)    [T]heft of sneakers from a warehouse in Brooklyn in or about November or December 2006;

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     United States v. Jorge Cedeno
        S4 07 Cr. 387 (CM)
Page 2

      (m)    [A]ttempted hijacking of a truck containing Clarins cosmetic products in Orangeburg, New York, in or about November or December 2006;

      (n)    [A]ttempted hijacking of a truck containing perfume products near the New Jersey Turnpike in or about December 2006; and

      (o)    [A]ttempted hijacking of a truck containing perfume products in or about Long Island on or about January 2, 2007 and January 3, 2007.

The prior convictions of Mr. Cedeno that the government seeks to use are found at pages 10-11 of its motion and consist of the following:

      (a)    A March 24, 1995, arrest in New York County for possession of a weapon in connection with an alleged attempted robbery, leading to a guilty plea to Criminal Possession of a Weapon in the Third Degree and a one-year jail sentence;

      (b)    A November 18, 1996, arrest in Bronx County for possession of stolen property in which Cedeno was found with an NYPD bulletproof vest, leading to a guilty plea to Criminal Possession of Stolen Property in the Fifth Degree and a conditional discharge and 5 days of community service; and

      (c)    A March 29, 1997, arrest in Bronx County for robbery and other charges, leading to a guilty plea to Robbery in the First Degree and a sentence of 10 years imprisonment.

The government argues that the uncharged allegations are admissible as direct proof of the charged crimes and pursuant to rule 404(b), Federal Rules of Evidence, as background evidence and as rebuttal to certain defenses the defense may raise. In addition, the government argues that the prior convictions are admissible under Rule 404(b) for the same reasons. The government also contends that this evidence should not be excluded under Rule 403, that it is admissible as part of accomplices' testimony, and that the prior felony convictions are admissible under Rule 609(a) as impeachment should any defendant testify at trial.

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     United States v. Jorge Cedeno
        S4 07 Cr. 387 (CM)
Page 3


Because the government has not provided a sufficient legal or factual basis for the admission of the proffered evidence, and because the prejudice from such evidence far outweighs its probative value and would deprive Cedeno of a fair trial, the government's motion should be denied.

## ARGUMENT

Cedeno contends that the "other acts" evidence — both the uncharged allegations and the prior convictions — should be excluded for the following reasons:

**1.    The Uncharged Allegations Are Not Admissible
        As Direct Proof Of The Crimes Charged.**

The government contends that the evidence of uncharged allegations constitutes direct proof of the indicted offenses and therefore is admissible. While uncharged acts may at times constitute direct evidence of charged acts, e.g., the existence of a conspiracy, United States v. Thai, 29 F.3d 785, 812 (2d Cir. 1994), that is not always the case. The Court in United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000), stated that such evidence would not be subject to Rule 404(b)'s strictures "if it arose out of the same transaction or series of transactions, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." The government's motion fails to make a case for admission of this evidence as direct proof.

The first uncharged allegation as to Cedeno, the theft of some sneakers from a Brooklyn warehouse, bears little or no resemblance to any of the charged offenses, which involve allegations of truck hijackings and kidnapping of the drivers. It is extremely doubtful that the government's claim that this offense involved "using the same methods as the charged offenses" (Gov't. Motion at p.11) is correct because the charged offenses and this uncharged offense are so different on their face. In any event, the government has not explained how they are inextricably interwoven or how this uncharged offense is necessary to complete the story of the charged offenses. They do not appear so inextricable and one can easily imagine a story about truck hijackings and kidnappings without hearing about a warehouse theft of some sneakers.[1]

---

[1] The government claims this evidence is "part and parcel of the overarching robbery and kidnapping conspiracies" (Gov't Motion at p.11) but, again, does not say how. It certainly is not obvious - even to an uninformed defense lawyer - since the sneaker heist does not appear to involve either robbery or kidnapping.

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     United States v. Jorge Cedeno
        S4 07 Cr. 387 (CM)
Page 4


Although a closer question, the government's proffered evidence of the three attempted hijackings suffers from the same deficient showing. The government's failure to detail the evidence it proposes to offer, and its failure even to attempt to explain how it is inextricably interwoven with the evidence of the charged offenses or essential to the story of those offenses, make it impossible to conclude that such evidence is properly admissible. The government has provided only a few bare details of the uncharged attempts, and apparently is unable to fix a date for any of the three or a location for two of them ("near the New Jersey Turnpike" and "in or about Long Island" are hardly models of precision). More telling is the government's use of the legalistic and conclusory term "attempted hijacking" without describing any of the conduct. This language says nothing about the conduct that is the subject of the proffered evidence, since an attempted crime is shown when the requisite intent is present along with conduct amounting to a "substantial step" toward the commission of the crime. United States v. Yousef, 327 F.3d 56, 134 (2d Cir. 2003), quoting United States v. Rosa, 11 F.3d 315, 337 (2d Cir. 1993). Obviously, that standard is a flexible one and can embrace conduct that is far removed from a completed crime. Without any description of the conduct itself from the government, there can be no meaningful evaluation of the government's claim that it is indeed inextricably interwoven with or a necessary part of the story of the charged conduct. The government's own conclusion that it is should not substitute for Your Honor's.

As the proponent of the evidence of uncharged allegations, the government has the burden to establish the admissibility of that evidence. It contends that the evidence constitutes direct proof of the crimes that have been charged. However, since it has not shown why such evidence is inextricable from or essential to the story of the charged offenses, the government has not carried its burden. The proffered evidence should be rejected as direct proof of the crimes charged.

**2.      The Uncharged Allegations and Prior Convictions
         Are Not Admissible Under Rule 404(b).**

The government advances various arguments for the admission of the proffered other acts evidence under Rule 404(b), which permits evidence of other crimes, wrongs and acts under certain circumstances but not to show criminal propensity or bad character. Because the proffered evidence would do nothing but show criminal propensity and bad character, it should be rejected.

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     United States v. Jorge Cedeno
        S4 07 Cr. 387 (CM)
Page 5


      **(a)**     **The Uncharged Allegations**

The government first contends that "background evidence of prior crimes is admissible under Rule 404(b)." (Gov't Motion at p.14). However, Rule 404(b) does not identify "background evidence" as one of the permissible uses of other acts evidence, and for good reason: such a permissible use would swallow the Rule itself. Everything is background.

To the extent that case law seems to suggest otherwise, a closer inspection shows that other acts evidence has been permitted in some conspiracy cases to show how the relationship developed or explain the mutual trust that existed, where those issues were relevant. See, e.g., United States v. Rosa, 11 F.3d 315, 334 (2d Cir. 1993) and cases cited therein. There is no contention or showing by the government that those issues are relevant here. Even if they were, there has been no showing how the Brooklyn sneaker theft or some ill-defined "attempted" hijackings would be relevant to those issues. There simply is no broad "background evidence" portal for the government to drive through, and, as the proponent of the evidence, it has not shown how the proffered evidence is relevant to any issue related to the conspiracies charged in this case.

Additionally, the government tries to find a place for the uncharged allegations in Rule 404(b)'s list of permissible uses of such evidence. It claims that such evidence is admissible to rebut a defense based on "motive, opportunity, intent, knowledge or mistakes." Gov't. Motion at p.15. The government relies on United States v. Zackson, 12 F.3d 1178, 1182, which provides that the government may use prior act evidence to prove the defendant's state of mind where the defendant asserts "that his conduct has an innocent explanation."

It is hard to believe that any defendant in this case will base his defense to alleged armed robberies and kidnappings on such grounds. Mr. Cedeno will not. If there is no issue as to "motive, opportunity, intent, knowledge or mistake" and no contention that the charged conduct had an innocent explanation, there is no basis to admit the uncharged allegations under Rule 404(b). Further, the Second Circuit has repeatedly held that intent is not placed in issue by a defense that the defendant did not do the charged act at all. See United States v. Sampson, 385 F.3d 183, 193 (2d Cir. 2004); United States v. Ortiz, 857 F.2d 900, 904 (2d Cir.1988).

Where a defendant relies on a defense that he did not do the charged act at all, Rule 404(b) would permit other act evidence to show "identity." However, the government does not even try to justify its proffered evidence on this ground. It makes no effort to detail the evidence it seeks to introduce or to establish similarities with the charged offenses so distinctive as to be in effect a signature of the defendants. United States v. Sampson, id. at 192, fn.7; United

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     United States v. Jorge Cedeno
        S4 07 Cr. 387 (CM)
Page 6


States v. Mills, 895 F.2d 897 (2d Cir.) cert. denied, 495 U.S. 951 (1990); Weinstein's Evidence Manual, §7.01[5][d][iv].

In fact, apart from its "background" argument, the government has little to say about how the uncharged allegations are properly admissible under Rule 404(b), except to say the evidence will be needed to rebut defenses that are not likely to be presented. The evidence clearly is not admissible as to the defense, i.e., identity, that is likely to be presented. The government should not be permitted to gain admission of the proffered evidence in this manner.

### (b)    The Prior Convictions

Similarly, the government contends that some of Cedeno's and the other defendants' prior convictions are admissible to rebut "their expected defenses that they lacked the knowledge, intent, opportunity, or motive" to commit the charged crimes. The source of this expectation is not revealed. In any event, a defendant's assertion that he did not do the crime at all does not place intent in issue, Sampson, id.; Ortiz, id., nor does it raise any issue with respect to knowledge, accident or mistake.

For that reason, the cases relied on by the government such as United States v. Brown, 961 F.2d 1039 (2d Cir.1992) and United States v. Cassell, 292 F.3d 788 (D.C. Cir. 2002), are not persuasive. Both cases involved possessory crimes involving weapons where knowledge and the absence of accident or mistake, i.e., innocent possession, were in issue. In those cases, prior acts of weapons possession were found properly admissible as to those issues. The same cannot be said of the present case which does not involve possessory crimes or claims of accident or mistake.

The government further suggests that the defendants' past possession of firearms somehow demonstrates "opportunity or preparation to commit the charged offenses." The government claims it is "entitled to prove that the defendants were familiar, from their frequent prior possession of firearms, with their operation and could be relied upon to use a gun in stressful situation [sic]." Id. In the first place, the government seems to have invented a new composite defendant, made up of all of the defendants and their collective histories. Not surprisingly, no authority is cited for this. Secondly, the government's quoted language is nothing if not an argument to allow a showing of propensity. In other words, because the defendant (which one, we are not told) had a gun before in a crime, he must therefore have committed a crime with a gun in this case. There is no legitimate question or issue in this case about familiarity with firearms "operation" (no firearms were discharged) or how any of the defendants respond to stress. The

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     United States v. Jorge Cedeno
        S4 07 Cr. 387 (CM)
Page 7

evidence is offered for propensity, and that is not permitted under Rule 404(b).  United States v. Edwards, 342 F.3d 168, 177 (2d Cir. 2003).

      The government does not particularize any of Cedeno's prior convictions in its argument to show why they would be admissible under Rule 404(b).  They appear to bear no resemblance or relevance to the charged crimes.  The only effect of admitting these prior acts would be to show that Cedeno has a propensity to commit crimes and thereby would deprive him of any hope of a fair trial.

**3.      The Other Acts Evidence Should Be
         Excluded Under Rule 403.**

    Cedeno contends that the prejudicial effect of the proffered evidence far outweighs any probative value it may have and, as a result, the evidence should be excluded pursuant to Rule 403.  In deciding whether to exclude evidence under Rule 403, the trial court is required to perform a balancing analysis and may exclude evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Rule 403; see also United States v. Peterson, 808 F.2d 969, 974 (2d Cir. 1987).  The balancing analysis in the present case should lead the Court to exclude the proffered evidence.

    In Weinstein's Evidence Manual, §7.01[5][b][vii], a list of factors suggested for consideration in determining the probative value of proffered evidence shows the government's shortcomings in this case:

- Similarity between the charged and uncharged acts.  (Little or none as to the prior convictions; unknown as to the uncharged allegations because they are insufficiently detailed);

- Reliability of the evidence being proffered.  (Little or none as to the uncharged allegations since that evidence comes from accomplices, lacks corroboration and is remarkably imprecise in its details);

- The remoteness of the other acts, in terms of time and subject matter.  (Cedeno's prior convictions are remote both in time and subject matter; the remoteness of the uncharged allegations in terms of subject matter cannot be determined);

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     United States v. Jorge Cedeno
        S4 07 Cr. 387 (CM)
Page 8

- ▸ The theory of admissibility. (As described in detail above, none of the government's arguments in favor of admissibility is persuasive);

- ▸ The proponent's need for the evidence. (No showing made by the government as to its need);

- ▸ Whether proponent introduced other evidence to prove the fact the "other acts" evidence was offered to prove, thus lessening the prejudicial effect of the other acts evidence. (No showing made by the government as to what other evidence it may present to lessen the prejudicial impact of the proffered evidence); and

- ▸ The factual detail incorporated in the proponent's offer of proof. (Little or none as to both the uncharged allegations and the prior convictions).

In every aspect, the government's proffered evidence is diminished in terms of its probative value. The prejudice, on the other hand, is substantial.

> The prejudice that is to be weighed against the probative value of the other crimes evidence, of course, is not the prejudice that results from the admission of any telling piece of evidence; it is prejudice resulting from the tendency of the evidence to suggest the propriety of finding the defendant guilty not for committing the charged acts, but because he or she is a bad person and deserves to be punished.

Weinstein's Evidence Manual, id.; see also United States v. Quattrone, 441 F.3d 153, 186 (2d Cir. 2006). The kind of prejudice that results from improperly admitted other acts evidence undermines the presumption of innocence and the defendant's right to a fair trial on the charges brought against him.

As shown above, the government's proffered evidence is on shaky footing in terms of admissibility and probative value. The prejudice to the defendants that would result from admitting it goes far beyond the fact that it is telling in some way. While proving little as to the charges, the evidence shows propensity and paints each defendant as a "bad person . . . [who]

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     United States v. Jorge Cedeno
          S4 07 Cr. 387 (CM)
Page 9


deserves to be punished."  In other words, its prejudicial effect of the proffered evidence substantially outweighs its probative value.


4.    **The Evidence, Not Otherwise Admissible, Is Not Rendered Admissible To Explain Accomplice Witness Participation In The Acts.**

   The government argues briefly, at page 20 of its motion, that the proffered evidence is needed so that its accomplice witnesses can testify fully as to this participation in these acts. However, this is not a basis to hold evidence admissible that otherwise would be excluded. Further, the cases cited by the government do not support its position with respect to other acts evidence.  United States v. Coonan, 938 F.2d 1553 (2d Cir. 1991), involved the admissibility of gang acts before the defendant in that can join the gang and, according to the Court, was admissible to show the existence of a RICO enterprise.  The court in United States v. Louis, 814 F.2d 852 (2d Cir. 1987), found it permissible for an accomplice witness to testify as to his own conviction.  Neither case involved an accomplice testifying about a defendant's uncharged acts or prior convictions.  The government will simply have to prepare its witnesses to avoid matters that are not admissible under evidentiary rules, and the defense similarly will have to be careful in its cross-examination of these witnesses and its arguments.

5.    **Impeachment Evidence Under Rule 609.**

   The government asserts that it will seek to cross-examine any defendant who testifies at trial with the felony convictions it lists in its motion at section I(B).  As to Mr. Cedeno, his March 24, 1995 arrest resulted in a conviction on September 7, 1995, and a one-year sentence, which places it outside of the time limit provided in Rule 609(b).  That conviction therefore should not be allowed for impeachment purposes.  As to Mr. Cedeno's conviction of May 21, 1999, that resulted in a 10 year sentence, the Court in its discretion should preclude the government from eliciting the details of the offense underlying that conviction should Mr. Cedeno testify.

Hon. Colleen McMahon
United States District Judge
May 2, 2008
Re:     <u>United States v. Jorge Cedeno</u>
        S4 07 Cr. 387 (CM)
Page 10

## Conclusion

For all of the foregoing reasons, the Court is respectfully asked to preclude the government from introducing the proffered evidence of uncharged allegations and prior convictions involving Mr. Cedeno.

Mr. Cedeno joins the arguments of his co-defendants in opposition to the government's motion, to the extent those arguments are applicable to him.

The Court's consideration of the foregoing is appreciated.

                          Respectfully submitted,

                          s/

                          Clinton W. Calhoun, III

CWC/jlr

cc:     Nola B. Heller / Michael A. Levy (by ECF and facsimile)
        Assistant United States Attorneys

        Defense Counsel (by ECF)